## 46776.  RUSHING v. WILLIAMS.

Evans, Judge. Alton I. Rushing sued Jackie G. Williams for rescission of a sale of certain corporate stock in six counts. In the first five counts he contends defendant violated the Federal Securities Act of 1933, as amended (15 USCA § 771 (1), (2)), as therein set out as well as § 4 of the Georgia Securities Act (Ga. L. 1957, p. 134 et seq., as amended; *Code Ann.* § 97-104). Plaintiff alleged he did not desire to retain the 4,000 shares of stock purchased, and elected to declare the sale to be voidable. He further alleged that he had disposed of 700 shares and that he tendered the other 3,300 shares of stock to defendant. As to Counts 1, 2 and 3, he sought a judgment for the purchase price of the stock plus interest and court costs. As to Counts 4 and 5 he sought the purchase price of the stock, plus interest, court costs, and reasonable attorneys fees, as allowed under the Georgia statute. In Count 6 plaintiff alleged that defendant failed to deliver the unrestricted stock within a reasonable time of the purchase date, and he was therefore entitled to the difference between value of the shares on date of delivery and the highest amount he could have sold said stock for during that period.

Defendant answered, denying the material portions of the complaint.

The case came on for trial at which time counsel for defendant orally moved to dismiss the suit and to enter judgment for the defendant on the ground that there was no tender of the shares of stock as referred to in the complaint. On its own motion the court continued the hearing for several days to enable the plaintiff to perfect a tender of said shares to the defendant. At the first hearing counsel for plaintiff argued that no tender was required; that he could seek damages for the stock that had been sold, as well as the value of the remaining stock. He also stated that he had learned from the defendant that defendant had the entire 4,000 shares in his

possession and plaintiff would amend to set this out. On the next hearing counsel for plaintiff advised the court that plaintiff had been unable to locate the stock; that it was either missing or lost; but that he was ready to proceed with the trial as he did not believe tender into court was absolutely necessary; that there was a procedure for obtaining the re-issue of the lost securities; and that he was willing for any judgment ultimately rendered in the case to be rendered subject to the actual delivery of the shares. The court stated that counsel for plaintiff claimed the stock was lost; but that there had been no tender in person or in open court after plaintiff had been given an opportunity to make such tender. Plaintiff did not request any further continuance; and the court dismissed his complaint, granting judgment in favor of the defendant. The appeal is from this judgment. *Held:*

1. Both the State and Federal Securities Acts, supra, authorize a suit by the purchaser for the value of the stock purchased upon tender of the securities where there has been a violation of the statute in the sale thereof. The Georgia statute reads, "upon tender to the seller." The Federal statute reads, "upon the tender of such securities." The exact time of tender is not provided for, but the cases of Buchholtz v. Renard, 188 FSupp. 888, 889 and Repass v. Rees, 174 FSupp. 898, hold that a tender into court would be sufficient tender, even though no other tender had been made. It thus appears from the facts of this case that plaintiff had not made a *personal* tender and that no tender was made into court after the plaintiff was given an opportunity to do so. No motion for continuance was made by plaintiff in order to establish that the securities had been lost, missing or stolen whereby he might obtain a re-issue thereof. Whether or not a continuance should have been granted is not before the court. Accordingly, the lower court did not err in dismissing Counts 1, 2, 3, 4 and 5 of the complaint, involving both the State and Federal Securities Act.

2. Count 6 involves a question of damages. However, the

only error enumerated is that the court erroneously dismissed the case "for failure to make tender of stock." Thus, whether or not the court erred in dismissing the entire petition is not before us. Accordingly, for reasons stated above, the judgment must be affirmed.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 3, 1972—DECIDED FEBRUARY 10, 1972— REHEARING DENIED FEBRUARY 29, 1972.

*Arnall, Golden & Gregory, Alexander Cocalis,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Barry Phillips, Richard R. Cheatham,* for appellee.